IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRED TEMPLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 01-RRA-2229-S |
| ) | |
| BESSEMER WATER SERVICE and ) | |
| CITY OF BESSEMER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

In the court's order entered January 27, 2005, it was held that the plaintiff's §1983 race discrimination claim would proceed to trial because the defendants did not file a reply to the plaintiff's submission, entered January 10, 2005, on the viability of that issue. The defendants then filed a motion for reconsideration, setting out some misunderstanding about whether they were required to reply before the court would evaluate the plaintiff's §1983 claim.  In response to the defendants' motion, the court hereby evaluates this claim.

The law concerning a §1983 action against the defendants was stated in the December 21, 2004 order:

> [A] local government may not be sued under §1983 for an injury inflicted solely by its employee or its agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.

*Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978).

Terry Hinton gave his recommendations to his supervisor, Charles Nevins, and Nevins passed them along to Mayor Mitchell, who accepted the recommendations. As a

result, one of the two positions of water distribution supervisor was not awarded to the plaintiff, a white man, but to Parker, a black man. The plaintiff's efforts to come within *Monell* are based on Mayor Mitchell. The plaintiff states that the mayor of Bessemer is the chief executive officer who has general supervision and control over all other officers and affairs of the city, and it was he who was the final decision maker in this case. There is no evidence, however, that the mayor did anything other than accept the recommendations submitted to him.[1]

It is decided, as a matter of law, that neither the fact that the mayor is the chief executive, nor the fact that he approved the recommendations submitted to him, is sufficient to establish that he was personally involved in the alleged discrimination. Further, the plaintiff has failed to point out any evidence that the defendants had a policy that condoned race discrimination, or that the defendants, from a lack of policy, somehow condoned race discrimination.

Wherefore, the plaintiff's §1983 race discrimination claim, his sole remaining claim, is due to be dismissed. An appropriate order will be entered.

DONE this 16th day of February, 2005.

_____
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff refers to Rob Arledge's affidavit. He states that Nevins said that a court order required a water distribution supervisor, but there is no other mention of such court order in the evidence. According to Arledge the mayor stated that he would not appoint Jesse Hinton, a white man; he did when Hinton was recommended. Also, Arledge states that Parker told him that the mayor said, even before the positions became open, that Parker would get one of the positions; this is hearsay.